LYONS & FLOOD, LLP
65 W. 36th Street, 7th Floor
New York, NY 10018
(212) 594-2400

Attorneys for Plaintiff
HORNBECK OFFSHORE TRANSPORTATION LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
HORNBECK OFFSHORE TRANSPORTATION
LLC,

                Plaintiff,

     - against -

The Tug MARY E. HANNAH, her tackle, engines,
boilers, etc., *in rem*; and HANNAH MARINE
CORPORATION, *in personam*,

                Defendant.
------------------------------------------------------------X

JUDGE BUCHWALD

ECF CASE

08 CV 0594

**VERIFIED COMPLAINT**

      Plaintiff, HORNBECK OFFSHORE TRANSPORTATION, LLC ("HORNBECK" or "PLAINTIFF"), by and through its attorneys, Lyons & Flood, LLP, as and for its Verified Complaint against Defendants, The Tug MARY E. HANNAH, her tackle, engines, boilers, etc., *in rem*, and HANNAH MARINE CORPORATION ("HANNAH"), *in personam*, (hereinafter collectively referred to as "DEFENDANTS"), alleges upon information and belief, as follows:

### Jurisdiction

1.    This is an admiralty and maritime action within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1333.

### Parties

2.    PLAINTIFF was and is a corporation or other business entity organized

and existing under and by virtue of the laws of the State of Delaware, with an office and place of business at 103 Northpark Boulevard, Suite 300, Covington, LA 70433.

3. At all material times, PLAINTIFF was the owner and operator of the Barge ENERGY 11105 (the "ENERGY 11105" or "Barge").

4. Upon information and belief, at all material times, HANNAH was and is a corporation organized and existing under the laws of the state of Illinois, with an office and place of business at 13155 Grant Road, Lemont, IL 60439.

5. Upon information and belief, at all material times, HANNAH was the owner, operator and/or charterer of the Tug MARY E. HANNAH (the "Tug").

6. The Tug MARY E. HANNAH is now, or during the pendency of this action, will be within the jurisdiction of this Honorable Court.

**Factual Background**

7. On or about November 10, 2005, Plaintiff HORNBECK and Defendant HANNAH entered into a contract for towage services (hereinafter "the Towing Agreement"), whereby HANNAH agreed to provide towage services for the ENERGY 11105 in consideration for certain agreed monies to be paid to HANNAH by HORNBECK.

8. On or about November 15, 2005, and while performing under the Towing Agreement, HANNAH caused the ENERGY 11105 to run aground and touch bottom.

9. The said grounding caused severe and extensive damages to the ENERGY 11105, its hull, machinery and appurtenances, requiring extensive repairs and incurring attendant expenses, including but not limited to, towage charges, drydocking fees, surveyors' fees, attendance fees, etc. As such, the Barge could no longer be used by

HORNBECK until such time as the necessary repairs were made to the Barge, its hull, machinery, appurtenances, etc.

10. That HORNBECK incurred said physical repairs and associated expenses of approximately $205,000, as nearly as can now be calculated.

11. As a further result of the grounding, the ENERGY 11105 was significantly delayed in arriving at New York.

12. That due to these delays, HORNBECK incurred demurrage charges of approximately $22,000.

13. Further, due to the grounding, the ENERGY 11105 was unable to be used for approximately 21 days while repairs were performed on the Barge.

14. That as a result of HORNBECK's loss of use of the ENERGY 11105, HORNBECK incurred lost profits of approximately $160,000.00 as nearly as can now be calculated.

### AS AND FOR A FIRST CAUSE OF ACTION
### (BREACH OF CONTRACT)

15. HORNBECK repeats and realleges each and every allegation contained in paragraphs 1 through 14 of the Verified Complaint with the same force and effect as it fully set forth at length herein.

16. On or about November 15, 2005, the terms, conditions and provisions of the Towing Agreement were in full effect.

17. Under and pursuant to the Towing Agreement, HANNAH was obligated to perform proper towage services and exercise due diligence to tender a seaworthy tug which was to be "adequate equipment in good working order and condition." And "seaworthy, reasonably fit for its intended purpose, properly manned and equipped...."

18. Section 2.7 of the Towing Agreement provided that "all Work covered hereby shall be performed at the sole risk of TUG OWNER" and "[t]he towing services provided in this Agreement, including without limitation the selection of route, navigation, and the safety thereof, remain entirely within the sole control of TUG OWNER. TUG OWNER shall perform all work with due dispatch unless otherwise agreed."

19. Defendant HANNAH breached the Towing Agreement in failing to properly perform the said towage services and/or in failing to exercise due diligence in tendering a tug that was "seaworthy, reasonably fit for its intended purpose, properly manned and equipped...."

20. By reason of the premises, HORNBECK has sustained damages including the costs of obtaining marine surveys of the damage, the costs of towing and repairs, the costs of the loss of use of the ENERGY 11105, and other substantial expenses necessarily incurred and to be incurred as a result of the grounding in the amount of approximately $390,000, as nearly as can now be calculated.

**AS AND FOR A SECOND CAUSE OF ACTION**
**(BREACH OF WARRANTY OF WORKMANLIKE SERVICE)**

21. HORNBECK repeats and realleges each and every allegation contained in paragraphs 1 through 20 of the Verified Complaint with the same force and effect as it fully set forth at length herein.

22. By virtue of its undertaking and agreement to perform maritime towage services, HANNAH warranted to perform such services in a workmanlike manner.

23. Moreover, under the Towing Agreement HANNAH specifically warranted that it had "adequate equipment in good working order and fully trained personnel

capable of efficiently operating such equipment and/or otherwise performing towing services...." and further warranted that it "is fit, willing, and able to provide services ... in a competent and workmanlike manner."

24. HANNAH breached its warranty of workmanlike service, which was owed to HORNBECK.

25. By reason of the premises, HORNBECK has sustained damages including the costs of obtaining marine surveys of the damage, the costs of towing and repairs, the costs of the loss of use of the ENERGY 11105, and other substantial expenses necessarily incurred and to be incurred as a result of the grounding in the amount of approximately $390,000, as nearly as can now be calculated.

## AS AND FOR A THIRD CAUSE OF ACTION
## (BREACH OF BAILMENT)

26. HORNBECK repeats and realleges each and every allegation contained in paragraphs 1 through 25 of the Verified Complaint with the same force and effect as it fully set forth at length herein.

27. At all relevant time herein, the ENERGY 11105 was in the exclusive care, custody, and control of defendant HANNAH.

28. On or about November 10, 2005, when the ENERGY 11105 was tendered to HANNAH for towage services, the said Barge was in all respects seaworthy and in good order and condition.

29. Following the performance of towage services by HANNAH, during which HANNAH caused the ENERGY 11105 to run aground, and upon re-tender of the said Barge to HORNBECK, the Barge its hull, machinery and appurtenances were severely damaged and required extensive drydocking and repairs.

30. By reason of the premises, HORNBECK has sustained damages including the costs of obtaining marine surveys of the damage, the costs of towing and repairs, the costs of the loss of use of the ENERGY 11105, and other substantial expenses necessarily incurred and to be incurred as a result of the grounding in the amount of approximately $390,000, as nearly as can now be calculated.

### AS AND FOR A FOURTH CAUSE OF ACTION
### (NEGLIGENCE)

31. HORNBECK repeats and realleges each and every allegation contained in paragraphs 1 through 30 of the Verified Complaint with the same force and effect as it fully set forth at length herein.

32. At all relevant times herein, the ENERGY 11105 was in the exclusive care, custody and control of DEFENDANTS HANNAH and the Tug MARY E. HANNAH.

33. DEFENDANTS owed a duty of care to HORNBECK and to the ENERGY 11105.

34. On or about November 10, 2005, when the ENERGY 11105 was tendered to DEFENDANTS for towage services, the said Barge was in all respects seaworthy and in good order and condition.

35. During the performance of the said towage services by DEFENDANTS, the ENERGY 11105 was caused to run aground, due to the carelessness, recklessness, negligence and lack of due care on the part of DEFENDANTS.

36. Under re-tender of the said Barge to HORNBECK, the ENERGY 11105, its hull, machinery and appurtenances were all severely damaged and required extensive drydocking and repairs.

37. DEFENDANTS breached their duty of care that they owed to HORNBECK and to the ENERGY 11105.

38. By reason of the premises, HORNBECK has sustained damages including the costs of obtaining marine surveys of the damage, the costs of towing and repairs, the costs of the loss of use of the Barge, and other substantial expenses necessarily incurred and to be incurred as a result of the grounding in the amount of approximately $390,000, as nearly as can now be calculated.

WHEREFORE, PLAINTIFF HORNBECK OFFSHORE TRANSPORTATION, LLC prays:

1. In *rem* service of process be issued against the Tug MARY E. HANNAH, its engines, boilers, tackle, furniture, apparel, etc.; that the vessel be seized and that all those claiming an interest in it be cited to appear and answer under oath both all and singular the matters aforesaid;

2. If the in *personam* DEFENDANT HANNAH MARINE CORPORATION cannot be found within this District, then all its property within this District be attached in the amount of $390,000.00 with interest thereon and costs, the sums sued for in this Verified Complaint;

3. The Tug MARY E. HANNAH, its tackle, engines, boilers, etc., be condemned and sold to satisfy the judgments herein in favor of PLAINTIFF;

4. The Court order, adjudge and decree the DEFENDANTS HANNAH MARINE CORPORATION be found joint and severally liable and pay to PLAINTIFF the losses sustained herein, together with pre-judgment and post

judgment interest thereon and costs; and

    5.    That this Court grant to PLAINTIFF such other and further relied as may be just and proper.

Dated: New York, New York
        January 23, 2008

        LYONS & FLOOD, LLP
        Attorneys for Plaintiff
        HORNBECK OFFSHORE TRANSPORTATION, LLC

By: _____
        Edward P. Flood (EPF-5797)
        65 W. 36th Street, 7th Floor
        New York, NY 10018
        (212) 594-2400

U:\FLOODDOC\2617008\Pleadings\Verified Complaint.doc

## **VERIFICATION**

Edward P. Flood, the undersigned, an attorney admitted to practice in this Court, state that I am the attorney of record for Plaintiff HORNBECK OFFSHORE TRANSPORTATION, LLC in the within action; I have read the foregoing Verified Complaint and know the contents thereof; the same is true to my knowledge based on documents in my file, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

The reason this Verification is made by me and not an officer of Plaintiff HORNBECK OFFSHORE TRANSPORTATION, LLC is because there are no officers now present in this District.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on:   January 23, 2008

_____
Edward P. Flood

U:\FLOODDOC\2617008\Pleadings\Verified Complaint.doc